**ReedSmith**
Driving progress through partnership

Nicholas M. Insua
Direct Phone: +1 212 549 4665
Email: ninsua@reedsmith.com

*Admitted in NJ and PA only;
NY admission pending

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/01/2022

December 1, 2022

**MEMO ENDORSED**

By ECF

The Honorable Valerie Caproni
United States District Court, Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re:   *Certain Underwriters At Lloyds, London et al v. The Falls of Inverrary Condominiums, Inc.*
      Case No. 1:22-cv-08612 (S.D.N.Y)

Dear Judge Caproni:

Please accept this joint status letter submitted on behalf of the parties, Petitioners Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Princeton Excess and Surplus Lines Insurance Company, International Insurance Company of Hannover SE, and Old Republic Union Insurance Company, and Respondent The Falls of Inverrary Condominiums, Inc. in the above-referenced matter. We write pursuant to the Court's Order dated October 12, 2022 requiring the parties to address certain enumerated issues in advance of the Court's Initial Pretrial Conference. The parties respond as follows:

**(1) A brief description of the case, including the factual and legal bases for the claim(s) and defense(s)**

This action involves Petitioners' Petition for an Order Designating and Appointing an Umpire in an Arbitration.

Petitioners issued an insurance policy to Respondent. The Policy includes an arbitration provision, which provides that all matters in difference between Petitioners and Respondent concerning the Policy shall be referred to an arbitration tribunal, the seat of which is to be in New York, and which will apply New York law. The arbitration provision provides that if the arbitrators chosen by the parties "fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred."

In September 2017, the Respondent's property suffered damages as a result of Hurricane Irma. Petitioners acknowledged coverage for portions of the loss, but the parties were in dispute as to the amount of loss and agreed to proceed to arbitration in August 2022. Petitioners selected Mr. Stephen M. Rogers as their party arbitrator and Respondent selected Mr. Ramon Abadin as its party arbitrator. Mr. Rogers proposed

The Honorable Valerie Caproni  
December 1, 2022  
Page 2

**ReedSmith**

three umpire candidates while Mr. Ramon Abadin initially proposed one umpire candidate. The arbitrators communicated and did not agree to the initial candidates proposed. Mr. Abadin subsequently proposed two additional umpire candidates that were rejected by Mr. Rogers.

Petitioners allege that the arbitrators reached an impasse in the umpire selection process. Respondent disputes that position.

On October 31, 2022, the Court set a briefing schedule. ECF No. 20.  Respondent timely filed their Memorandum of Law in Opposition to the Petition on November 22, 2022.  ECF No. 22. The deadline for Petitioners to file a Reply in Support of the Petition is tomorrow, December 2, 2022.

**(2) The basis for subject matter jurisdiction**

Petitioners allege that the Court has subject matter jurisdiction over this proceeding because the action was filed under Chapter 1 (9 U.S.C. §§ 1-16) and Chapter 2 (9 U.S.C. §§ 201-208) of the Federal Arbitration Act, the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards applies to this proceeding because it involves an arbitration agreement to which Lloyd's and HDI, foreign citizens, are parties, and the district courts of the United States have original jurisdiction over such an action or proceeding. 9 U.S.C. § 203.

**(3) The prospect for settlement**

The parties anticipate that settlement of the underlying substantive insurance dispute is unlikely. The parties dispute whether the arbitrators are able to resolve the dispute over the selection of an umpire.

**(4) Whether the parties believe a Rule 16 conference would be helpful or whether they believe it is unnecessary**

The parties believe a Rule 16 conference is unnecessary in light of the limited scope of this dispute.

Thank you for your time and consideration of this matter.  We are available to answer any questions the Court may have at the Court's convenience.

Respectfully submitted,

/s/ Nicholas M. Insua

Nicholas M. Insua  
Reed Smith LLP

cc:      All Counsel of Record (*via ECF*)

---

In light of the parties' statement that they do not believe a Rule 16 conference would be helpful, the initial pretrial conference scheduled for December 9, 2022, at 10:00 A.M. is CANCELLED.

SO ORDERED.

*[signature: Valerie Caproni]*

12/01/2022

HON. VALERIE CAPRONI  
UNITED STATES DISTRICT JUDGE